IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ABBVIE INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. _____ |
| | ) |
| HETERO USA, INC., | ) |
| HETERO LABS LIMITED, | ) |
| HETERO LABS LIMITED UNIT-V, and | ) |
| HOSTER LABS PRIVATE LIMITED, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff AbbVie Inc. ("AbbVie"), by its undersigned attorneys, brings this action against Defendants Hetero USA, Inc., Hetero Labs Limited, Hetero Labs Limited Unit-V and Hoster Labs Private Limited (collectively, "Hetero"), and hearby alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, and in particular under 35 U.S.C. § 271. This action arises from Hetero's submission of Abbreviated New Drug Application ("ANDA") to the United States Food and Drug Administration ("FDA") seeking approval to market generic versions of AbbVie's highly successful pharmaceutical product RINVOQ®, prior to the expiration of United States Patent Nos. 11,607,411 ("the '411 Patent") and 11,564,922 ("the '922 Patent") (collectively, "the Patents-in-Suit").

2. In November 2023, Plaintiff filed related action *AbbVie Inc. v. Hetero USA, Inc. et al.*, C.A. No. 23-1332 (MN) (D. Del.) against, *inter alia*, Hetero, Aurobindo, Sandoz, and Sun for patent infringement arising from their respective ANDA submissions. In August 2024, Plaintiff filed related action *AbbVie Inc. v. Hetero USA, Inc. et al.*, C.A. No. 24-0924 (MN) (D. Del.) against

Hetero, Aurobindo, and Sun. In November 2024, Plaintiff filed related action *AbbVie Inc. v. Hetero USA, Inc. et al.*, C.A. No. 24-1254 (MN) (D. Del.) against, Hetero, Aurobindo, Sandoz, and Sun. These actions have all been consolidated for all purposes, including trial. *See* C.A. No. 23-1332 (MN) (D. Del.) (D.I. 114). Subsequently, Hetero sent AbbVie a new Notice Letter dated February 5, 2025 with new purported Paragraph IV certifications to the '411 and '922 Patents. Plaintiff has timely filed suit within 45 days of receipt of Hetero's newest Notice Letter.

## RINVOQ®

3. RINVOQ® (upadacitinib) is a ground-breaking, once-daily oral Janus kinase (JAK) inhibitor that has gained widespread medical acceptance. In less than five years since its first FDA approval on August 16, 2019, RINVOQ® has been approved to treat patients with a number of different immune-mediated diseases, including rheumatoid arthritis, psoriatic arthritis and ulcerative colitis. It has been used to treat more than 160,000 patients in the United States alone.

4. Janus kinases (JAKs), including JAK1, JAK2, JAK3 and Tyrosine kinase 2 (Tyk2), are intracellular enzymes that play a pivotal role in signaling pathways arising from cytokine or growth factor-receptor interactions on the cellular membrane to influence cellular processes of hematopoiesis and immune cell function. Within the signaling pathway, JAKs phosphorylate and activate signal transducers and activators of transcription (STATs) which modulate intracellular activity including gene expression. RINVOQ®'s active ingredient, upadacitinib, modulates the signaling pathway at the point of JAKs, preventing the phosphorylation and activation of STATs. Upadacitinib has surprising selectivity for JAK1.

5. AbbVie invested more than 3.5 billion dollars in the development of RINVOQ® and in its extensive clinical development program, which includes more than 45 completed or ongoing company-sponsored clinical trials and has resulted in approvals for an unexpected array

of onerous diseases of the immune system. AbbVie continues to invest in the clinical development of RINVOQ®.

6.     AbbVie's development of RINVOQ® is part of its long legacy of research in immunology and its track record to making life better for people living with immune-mediated diseases.

7.     RINVOQ® is currently approved for treatment of:

    a.     adults with moderately to severely active rheumatoid arthritis who have had an inadequate response or intolerance to one or more tumor necrosis factor ("TNF") blockers;

    b.     adults and pediatric patients 2 years of age and older with active psoriatic arthritis who have had an inadequate response or intolerance to one or more TNF blockers;

    c.     adults and pediatric patients 12 years of age and older with refractory, moderate to severe atopic dermatitis whose disease is not adequately controlled with other systemic drug products, including biologics, or when use of those therapies are inadvisable;

    d.     adults with moderately to severely active ulcerative colitis who have had an inadequate response or intolerance to one or more TNF blockers;

    e.     adults with active ankylosing spondylitis who have had an inadequate response or intolerance to one or more TNF blockers;

    f.     adults with moderately to severely active Crohn's disease who have had an inadequate response or intolerance to one or more TNF blockers;

      g.    adults with active non-radiographic axial spondyloarthritis with objective signs of inflammation who have had an inadequate response or intolerance to TNF blocker therapy;

      h.    patients 2 years of age and older with active polyarticular juvenile idiopathic arthritis who have had an inadequate response or intolerance to one or more TNF blockers.

8. RINVOQ® represents an important advance for patients with these conditions. RINVOQ® was designated as a "Breakthrough Therapy" by FDA for treatment of adult patients with moderate to severe atopic dermatitis who are candidates for systemic therapy, based on FDA's determination that RINVOQ® may offer substantial treatment advantages over existing options for patients with serious or life-threatening diseases. RINVOQ® is the first and only JAK inhibitor that is approved for both non-radiographic axial spondyloarthritis (nr-axSpA) and active ankylosing spondylitis (AS). RINVOQ® was also the first oral therapy to receive FDA approval for moderate to severe Crohn's disease.

9. As a result of the inventive work of the AbbVie scientists responsible for development and formulation, RINVOQ® is available in 15 mg, 30 mg, and 45 mg extended-release tablets, which allow for convenient once daily oral dosing.

## THE PARTIES

10. Plaintiff AbbVie is a corporation organized and existing under the laws of the State of Delaware, with its corporate headquarters at 1 North Waukegan Road, North Chicago, Illinois 60064. AbbVie is a global research and development-based biopharmaceutical company committed to developing innovative therapies for some of the world's most complex and critical conditions. AbbVie's mission is to use its expertise, dedicated people, and unique approach to innovation to markedly improve treatments across therapeutic areas.

11. AbbVie is the assignee and owner of the Patents-in-Suit.

12. AbbVie holds NDA No. 211675 for RINVOQ®.

13. Defendant Hetero USA, Inc. is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 1035 Centennial Avenue, Piscataway, NJ 08854.

14. Defendant Hetero Labs Limited is a corporation organized and existing under the laws of India, having a principal place of business at 7-2-A2, Hetero Corporate Industrial Estates, Sanath Nagar, Hyderabad 500 018, Telangana, India.

15. Hetero Labs Limited is the parent company of Defendants Hetero USA, Inc. and Hetero Labs Limited Unit-V.

16. On information and belief, Hetero Labs Limited ultimately owns all of Hetero's ANDAs, including Hetero's ANDA No. 218859.

17. Defendant Hetero Labs Limited Unit-V is a corporation organized and existing under the laws of India, having a principal place of business at Polepally, Jadcherla, Mahabubnagar, 509 301, Telangana, India.

18. On information and belief, Defendant Hoster Labs Private Limited is a corporation organized and existing under the laws of India, having a place of business at H. No. 8-3-166/7/1, Erragadda, Hyderabad, Telangana-500018.

19. Hoster Labs Private Limited is the holder of upadacitinib Drug Master File ("DMF") No. 038344.

20. On information and belief, Hetero Labs Limited is the parent company of Hoster Labs Private Limited.

21. On information and belief, Hoster Labs Private Limited is a corporation within the Hetero corporate family.

22. Hetero USA, Inc. is the United States regulatory agent for Defendants Hetero Labs Limited and Hetero Labs Limited Unit-V.

23. Hetero USA, Inc. filed ANDA No. 218859 with FDA on Hetero's behalf.

24. On information and belief, the specific manufacturing site for Hetero's ANDA No. 218859 is Defendant Hetero Labs Limited Unit-V.

25. On information and belief, Hetero Labs Limited and its wholly owned subsidiaries Hetero USA, Inc., Hetero Labs Limited Unit-V, and Hoster Labs Private Limited collaborate with respect to the development, regulatory approval, marketing, sale, and/or distribution of pharmaceutical products. On further information and belief, Hetero Labs Limited and its wholly owned subsidiaries Hetero USA, Inc., Hetero Labs Limited Unit-V, and Hoster Labs Private Limited are agents of one another and/or operate in concert as integrated parts of the same business group, and enter into agreements with each other that are nearer than arm's length.

26. Hetero caused ANDA No. 218859 to be submitted to FDA and seeks FDA approval of ANDA No. 218859.

27. On information and belief, Hetero Labs Limited and its wholly owned subsidiaries Hetero USA, Inc., Hetero Labs Limited Unit-V, and Hoster Labs Private Limited acted collaboratively in the preparation of ANDA No. 218859 and continue to act collaboratively in pursuing FDA approval of ANDA No. 218859 and seeking to market the Hetero ANDA Products.

28. On information and belief, Hetero intends to commercially manufacture, market, offer for sale, and sell the Hetero ANDA Products throughout the United States, including in the State of Delaware, in the event FDA approves ANDA No. 218859.

29. On information and belief, Hetero Labs Limited and its wholly owned subsidiaries Hetero USA, Inc., Hetero Labs Limited Unit-V, and Hoster Labs Private Limited rely on material assistance from one another to market, distribute, offer for sale, and/or sell generic drugs in the U.S. market, including in the State of Delaware. On information and belief, Hetero Labs Limited and its wholly owned subsidiaries Hetero USA, Inc., Hetero Labs Limited Unit-V, and Hoster Labs Private Limited intend to act collaboratively to commercially manufacture, market, distribute, offer for sale, and/or sell Hetero's ANDA Products, in the event FDA approves ANDA No. 218859.

## JURISDICTION AND VENUE

30. This is a civil action for patent infringement arising under the patent laws of the United States, including 35 U.S.C. § 271 and 28 U.S.C. §§ 1338(a), 2201, 2202.

31. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338.

32. This Court has personal jurisdiction over Hetero USA, Inc. because Hetero USA, Inc. is a corporation organized and existing under the laws of Delaware. On information and belief, Hetero USA, Inc. is registered to do business as a domestic corporation in Delaware (File Number 4837317).

33. Additionally, this Court has personal jurisdiction over Hetero Labs Limited, Hetero Labs Limited Unit-V, and Hoster Labs Private Limited because, on information and belief, each, *inter alia*, has continuous and systematic contacts with the State of Delaware, regularly conducts business in the State of Delaware, either directly or through one or more of its wholly owned subsidiaries, agents, and/or alter egos, has purposefully availed itself of the privilege of doing business in the State of Delaware, and intends to sell Hetero's ANDA Products in the State of Delaware upon approval of ANDA No. 218859.

34. On information and belief, Hetero is in the business of manufacturing, marketing, importing, distributing, and selling pharmaceutical drug products, including generic drug products, either directly or through subsidiaries, agents, and/or alter egos, which Hetero manufactures, distributes, markets, and/or sells throughout the United States and in this judicial district.

35. On information and belief, Hetero is licensed to sell generic and proprietary pharmaceutical products in the State of Delaware, either directly or through one or more of its wholly owned subsidiaries, agents, and/or alter egos.

36. Hetero has committed, or aided, abetted, contributed to, and/or participated in the commission of, acts of patent infringement that will lead to foreseeable harm and injury to AbbVie, which manufactures and markets RINVOQ® for sale and use throughout the United States, including in this judicial district. On information and belief and as indicated by letters dated October 16, 2023; June 27, 2024; September 10, 2024; and February 5, 2025 sent by Hetero to AbbVie pursuant to 21 U.S.C. § 355(j)(2)(B), Hetero prepared and filed its ANDA with the intention of seeking to market Hetero's ANDA Products nationwide, including within this judicial district.

37. On information and belief, Hetero plans to sell the Hetero ANDA Products in the State of Delaware, list the Hetero ANDA Products on the State of Delaware's prescription drug formulary, and seek Medicaid reimbursements for sales of the Hetero ANDA Products in the State of Delaware, either directly or through one or more of its wholly owned subsidiaries, agents, and/or alter egos.

38. On information and belief, Hetero knows and intends that the Hetero ANDA Products will be distributed and sold in Delaware and will thereby displace sales of RINVOQ®,

causing injury to AbbVie. Hetero intends to take advantage of its established channels of distribution in Delaware for the sale of the Hetero ANDA Products.

39. Hetero Labs Limited and Hetero Labs Limited Unit-V regularly invoke the jurisdiction of the courts of this judicial district by pleading claims and counterclaims in pharmaceutical patent infringement actions in this judicial district. *See, e.g.*, *AbbVie Inc. et al. v. Alkem Laboratories Limited et al.*, C.A. No. 22-1423-RGA, D.I. 50 (D. Del. Feb. 7, 2023); *Duchesnay, Inc. v. Hetero Labs. Ltd.*, C.A. No. 21-1130-LPS, D.I. 11 (D. Del. Oct. 18, 2021). Hetero Labs Limited and Hetero Labs Limited Unit-V have also not contested personal jurisdiction or venue in pharmaceutical patent litigation in this judicial district. *See, e.g.*, *AbbVie Inc. et al. v. Alkem Laboratories Limited et al.*, C.A. No. 22-1423-RGA, D.I. 50 (D. Del. Feb. 7, 2023); *Duchesnay, Inc. v. Hetero Labs. Ltd.*, C.A. No. 21-1130-LPS, D.I. 11 (D. Del. Oct. 18, 2021).

40. In the alternative, this Court has personal jurisdiction over Hetero Labs Limited, Hetero Labs Limited Unit-V, and Hoster Labs Private Limited because the requirements of Federal Rule of Civil Procedure 4(k)(2)(A) are met as (a) AbbVie's claims arise under federal law; (b) Hetero Labs Limited, Hetero Labs Limited Unit-V, and Hoster Labs Private Limited are foreign defendants not subject to general personal jurisdiction in the courts of any state; and (c) Hetero Labs Limited, Hetero Labs Limited Unit-V, and Hoster Labs Private Limited have sufficient contacts in the United States as a whole, including, but not limited to, participating in the preparation and submission of Hetero's ANDA and/or manufacturing and/or selling pharmaceutical products distributed throughout the United States including in this judicial district, such that this Court's exercise of jurisdiction over Hetero Labs Limited, Hetero Labs Limited Unit-V, and Hoster Labs Private Limited satisfies due process.

41.     Venue is proper in this district for Hetero USA, Inc. pursuant to 28 U.S.C. § 1400(b) because, *inter alia*, Hetero USA, Inc. is a corporation organized and existing under the laws of the State of Delaware.

42.     Venue is proper in this district for Hetero Labs Limited, Hetero Labs Limited Unit-V, and Hoster Labs Private Limited pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, *inter alia*, Hetero Labs Limited, Hetero Labs Limited Unit-V, and Hoster Labs Private Limited are corporations organized and existing under the laws of India and may be sued in any judicial district.

43.     Hetero USA, Inc., Hetero Labs Limited, and Hetero Labs Limited Unit-V did not contest personal jurisdiction or venue in this judicial district in response to the complaint Plaintiff filed in *AbbVie Inc. v. Hetero USA, Inc. et al*, C.A. No. 23-1332 (MN) (D. Del.). Hetero USA, Inc., Hetero Labs Limited, and Hetero Labs Limited Unit-V asserted counterclaims invoking this Court's jurisdiction in their answer to that complaint. Hetero USA, Inc., Hetero Labs Limited, Hetero Labs Limited Unit-V, and Hoster Lab Private Limited also did not contest personal jurisdiction or venue in this judicial district in response to the complaint Plaintiff filed in *AbbVie Inc. v. Hetero USA, Inc. et al*, C.A. No. 24-0924 (MN) (D. Del.). Hetero USA, Inc., Hetero Labs Limited, Hetero Labs Limited Unit-V, and Hoster Lab Private Limited asserted counterclaims invoking this Court's jurisdiction in their answer to that complaint.

## THE ASSERTED PATENTS

44.     The '411 Patent, entitled "Methods of treating Crohn's disease and ulcerative colitis," was duly and lawfully issued by the USPTO on March 21, 2023. A true and correct copy of the '411 Patent is attached hereto as Exhibit A. The '411 Patent was timely listed in the Orange Book for RINVOQ® 15 mg, 30 mg, and 45 mg tablets before the Complaint in *AbbVie Inc. v. Hetero USA, Inc. et al.*, C.A. No. 23-1332 (MN) (D. Del.) was filed.

45. The '922 Patent, entitled "Methods of treating Crohn's disease and ulcerative colitis," was duly and lawfully issued by the USPTO on January 31, 2023. A true and correct copy of the '922 Patent is attached hereto as Exhibit B. The '922 Patent was timely listed in the Orange Book for RINVOQ® 15 mg, 30 mg, and 45 mg tablets before the Complaint in *AbbVie Inc. v. Hetero USA, Inc. et al.*, C.A. No. 23-1332 (MN) (D. Del.) was filed.

### HETERO'S ANDA NO. 218859

46. Hetero has submitted ANDA No. 218859 ("Hetero's ANDA") which seeks approval to engage in the commercial manufacture, use, sale, offer for sale, and/or importation into the United States of purported generic versions of RINVOQ® 15 mg, 30 mg, and 45 mg tablets ("Hetero's ANDA Products" or "the Hetero ANDA Products") prior to the expiration of the '411 and '922 Patents.

47. On information and belief, FDA has not approved Hetero's ANDA.

48. Hetero sent AbbVie a new Notice Letter dated February 5, 2025. Hetero's Notice Letter represented that Hetero had submitted new purported Paragraph IV certifications with respect to the '411 and '922 Patents.

49. According to applicable regulations, Notice Letters such as Hetero's must contain a detailed statement of the factual and legal basis for the applicant's opinion that the patent is invalid, unenforceable, or not infringed which includes a claim-by-claim analysis, describing "for each claim of a patent alleged not to be infringed, a full and detailed explanation of why the claim is not infringed" and "for each claim of a patent alleged to be invalid or unenforceable, a full and detailed explanation of the grounds supporting the allegation." *See* 21 C.F.R. § 314.95(c)(7); *see also* 21 C.F.R. § 314.52.

50. For the claims of each of the '411 and '922 Patents, Hetero's Notice Letters failed to allege that its ANDA Products or the proposed administration of those Products would not meet the limitations of that claim.

51. On information and belief, if FDA approves Hetero's ANDA, Hetero will manufacture, offer for sale, or sell its ANDA Products, within the United States, including within the State of Delaware, or will import its ANDA Products into the United States, including the State of Delaware. The manufacture, use, offer for sale, sale, or importation of Hetero's ANDA Products will directly infringe the '411 and '922 Patents, either literally or under the doctrine of equivalents, and Hetero will actively induce and/or contribute to the infringement of those patents.

**COUNT 1 — INFRINGEMENT OF THE '411 PATENT BY HETERO**

52. AbbVie restates, realleges, and incorporates by reference the foregoing paragraphs as if fully set forth herein.

53. On information and belief, Hetero has submitted or caused the submission of Hetero's ANDA to FDA, and thereby seeks FDA approval of Hetero's ANDA Products.

54. AbbVie owns all rights, title, and interest in and to the '411 Patent.

55. Hetero's ANDA Products infringe one or more claims of the '411 Patent.

56. Hetero did not contest infringement of claims 1–4 of the '411 Patent in Hetero's February 5, 2025 Notice Letter. If Hetero had a factual or legal basis to contest infringement of the claims of the '411 Patent, it was required by applicable regulations to state such a basis in the Notice Letter. *See* 21 C.F.R. § 314.95(c)(7); 21 C.F.R. § 314.52.

57. Hetero has infringed one or more claims of the '411 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting Hetero's ANDA with a Paragraph IV certification and thereby seeking FDA approval of a purported generic version of RINVOQ® prior to the expiration of the '411 Patent.

58. On information and belief, the importation, manufacture, sale, offer for sale, or use of Hetero's ANDA Products prior to the expiration of the '411 Patent would infringe one or more claims of the '411 Patent under 35 U.S.C. § 271(a), and/or Hetero would induce the infringement of and/or contribute to the infringement of one or more claims of the '411 Patent under 35 U.S.C. § 271(b) and/or (c).

59. Hetero had actual and constructive notice of the '411 Patent prior to submitting Hetero's ANDA, and was aware that the submission of Hetero's ANDA with the request for FDA approval prior to the expiration of the '411 Patent would constitute an act of infringement of the '411 Patent.

60. Hetero filed its ANDA without adequate justification for asserting that the '411 Patent is invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of Hetero's ANDA Products. Hetero's conduct in certifying invalidity and/or non-infringement with respect to the '411 Patent renders this case "exceptional" as that term is set forth in 35 U.S.C. § 285, and entitles AbbVie to recovery of its attorneys' fees and such other relief as this Court deems proper.

61. AbbVie will be irreparably harmed if Hetero is not enjoined from infringing and from actively inducing or contributing to the infringement of the '411 Patent. AbbVie does not have an adequate remedy at law, and considering the balance of hardships between AbbVie and Hetero, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

### COUNT 2 — INFRINGEMENT OF THE '922 PATENT BY HETERO

62. AbbVie restates, realleges, and incorporates by reference the foregoing paragraphs as if fully set forth herein.

63. On information and belief, Hetero has submitted or caused the submission of Hetero's ANDA to FDA, and thereby seeks FDA approval of Hetero's ANDA Products.

64. AbbVie owns all rights, title, and interest in and to the '922 Patent.

65. Hetero's ANDA Products infringe one or more claims of the '922 Patent.

66. Hetero did not contest infringement of claims 1–4 of the '922 Patent in Hetero's February 5, 2025 Notice Letter. If Hetero had a factual or legal basis to contest infringement of the claims of the '922 Patent, it was required by applicable regulations to state such a basis in the Notice Letter. *See* 21 C.F.R. § 314.95(c)(7); 21 C.F.R. § 314.52.

67. Hetero has infringed one or more claims of the '922 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting Hetero's ANDA with a Paragraph IV certification and thereby seeking FDA approval of a purported generic version of RINVOQ® prior to the expiration of the '922 Patent.

68. On information and belief, the importation, manufacture, sale, offer for sale, or use of Hetero's ANDA Products prior to the expiration of the '922 Patent would infringe one or more claims of the '922 Patent under 35 U.S.C. § 271(a), and/or Hetero would induce the infringement of and/or contribute to the infringement of one or more claims of the '922 Patent under 35 U.S.C. § 271(b) and/or (c).

69. Hetero had actual and constructive notice of the '922 Patent prior to submitting Hetero's ANDA, and was aware that the submission of Hetero's ANDA with the request for FDA approval prior to the expiration of the '922 Patent would constitute an act of infringement of the '922 Patent.

70. Hetero filed its ANDA without adequate justification for asserting that the '922 Patent is invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer

for sale, or sale of Hetero's ANDA Products. Hetero's conduct in certifying invalidity and/or non-infringement with respect to the '922 Patent renders this case "exceptional" as that term is set forth in 35 U.S.C. § 285, and entitles AbbVie to recovery of its attorneys' fees and such other relief as this Court deems proper.

71.     AbbVie will be irreparably harmed if Hetero is not enjoined from infringing and from actively inducing or contributing to the infringement of the '922 Patent. AbbVie does not have an adequate remedy at law, and considering the balance of hardships between AbbVie and Hetero, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

## **REQUEST FOR RELIEF**

WHEREFORE, AbbVie respectfully requests the following relief:

(A)     A judgment that Hetero has infringed the '411 and '922 Patents under 35 U.S.C. § 271(e)(2)(A);

(B)     A judgment and order, pursuant to 35 U.S.C. § 271(e)(4)(A), that the effective date of any FDA approval of Hetero's ANDA shall be no earlier than the last expiration date of any of the '411 and '922 Patents, or any later expiration of exlusivity for any of the '411 and '922 Patents, including any extensions or regulatory exclusivities;

(C)     A judgment that making, using, selling, offering to sell, or importing Hetero's accused ANDA Products, or inducing or contributing to such conduct, would constitute infringement of the '411 and '922 Patents pursuant to 35 U.S.C. § 271 (a), (b), and/or (c);

(D)     Entry of a permanent injunction enjoining Hetero, its officers, agents, employees, parents, affiliates, and subsidiaries, and all persons and entities acting in concert with Hetero or on its behalf from commercially manufacturing, using, offering for sale, or selling its accused ANDA

Products within the United States, or importing its accused ANDA Products into the United States, until the day after the expiration of the '411 and '922 Patents, including any additional exclusivity period applicable to those patents, and from otherwise infringing the claims of the '411 and '922 Patents;

(E) An award of damages or other relief, pursuant to 35 U.S.C. § 271(e)(4)(C), if Hetero engages in the commercial manufacture, use, offer for sale, sale, and/or importation of its accused ANDA Products, or any product that infringes the '411 and '922 Patents, or induces or contributes to such conduct, prior to the expiration of the patents including any additional exclusivity period applicable to those patents;

(F) A finding that this is an exceptional case, and an award of attorneys' fees in this action pursuant to 35 U.S.C. § 285;

(G) Costs and expenses in this action; and

(H) Such other and further relief as the Court deems just and proper.

|  |  |
|---|---|
|  | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| OF COUNSEL: | */s/ Jeremy A. Tigan* |
|  |  |
| Christopher N. Sipes | Jeremy A. Tigan (#5239) |
| Erica N. Andersen | Megan E. Dellinger (#5739) |
| Nicholas L. Evoy | 1201 North Market Street |
| COVINGTON & BURLING LLP | P.O. Box 1347 |
| One CityCenter | Wilmington, DE  19899 |
| 850 Tenth Street NW | (302) 658-9200 |
| Washington, DC  20001-4956 | jtigan@morrisnichols.com |
| (202) 662-6000 | mdellinger@morrisnichols.com |
|  |  |
| David P. Frazier | *Attorneys for Plaintiff AbbVie Inc.* |
| LATHAM & WATKINS LLP |  |
| 555 Eleventh Street, NW, Suite 1000 |  |
| Washington, D.C.  20004 |  |
| (202) 637-2200 |  |

Herman H. Yue
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
(212) 906- 1200

Yi Sun
LATHAM & WATKINS LLP
12670 High Bluff Drive
San Diego, CA  92130
(858) 523-5400

February 14, 2025